# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Alahaji Mohamed Kanneh, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Burleigh County, )<br>)<br>Defendant. ) | **ORDER RE § 1915A SCREENING AND FOR SERVICE OF COMPLAINT**<br><br>Case No. 1:13-cv-067 |

Plaintiff Alahaji Mohamed Kanneh is a pretrial detainee at the Stutsman County Correctional Center in Jamestown, North Dakota, where he is being held pending trial on a federal felon in possession of a firearm charge. Prior to being transferred to Stutsman County, Plaintiff was detained at the Burleigh County Detention Center in Bismarck, North Dakota. On July 31, 2013, Plaintiff filed with the court a pro se complaint pursuant to 42 U.S.C. § 1983. On August 13, 2013, Plaintiff filed a motion to amend his complaint to add a request for a specified amount of money damages. On August 19, 2013, the court granted the motion and ordered that the motion to amend be appended to the original complaint and that the resulting document be filed as the amended complaint. The amended complaint (Docket No. 16) is now before the court for review as mandated by 28 U.S.C. § 1915A.

In the amended complaint, Plaintiff claims that Burleigh County Detention Center staff violated his constitutional rights by failing to provide adequate pork-free meals to accommodate his religious dietary restrictions. Specifically, Plaintiff alleges:

> I was in Burleigh County Detention Center in Bismarck, North Dakota in April 2012. When I got booked in I told Burleigh County Jail Staff that I do not eat pork because of my religious beliefs and that I am Muslim. They continued to feed me pork

1

over and over again over the course of the eleven months I was incarcerated. I
continually wrote requests to be put on a no pork diet and also wrote grievance after
grievance to try to alleviate this problem. There was no action taken in this matter.
I also filed a complaint with the department of Health & Human Services (Appendix
A) and The Department of Labor (Appendix B). I tried to talk to Lieutenant Greg but
he refused to talk to me or respond to any of my requests or grievances. Day after day,
week after week, month after month, they refused to make me a no pork meal. This
matter had gotten out of hand do to the fact I had been constantly feed pork and no
response had been given to my requests for a no pork diet and I ended up being
transferred to the detox area of the jail. Other inmates in the detox area got a hot meal
for lunch and dinner and I got cold sack meal for both meals every day. Burleigh
County Detention Center staff members had refused to give me copies of my
grievances I had asked numerous Jail Officers for copies of these grievances. They
told me they do not have access to my grievances and the Lieutenant Greg is the only
one who has access to my grievances. I have had written kites to Lieutenant Greg
requesting copies of my grievances which Lieutenant Greg has refused to respond to.
After not getting any response to my requests or grievances I wrote one final grievance
in duplicate (See Appendix C) had eyewitnesses sign it and kept my copy and still
received no response.

(Docket No. 16, pp. 3-4) (errors in original).

In Plaintiff's request for relief, he states:

Defendants through Deliberate Indifference to Plaintiff's religious beliefs did
violate Plaintiff's Eighth and Fourteenth amendment rights and caused undue mental
anguish to the Plaintiff for which the Plaintiff will seek punitive damages and Plaintiff
also will seek the full amount allowed by North Dakota State Law and United States
Law, this amount to be determined by a North Dakota Court for the recovery of
punitive and compensatory damages. And United States District Court for Violation
of plaintiff's civil and constitutional right under a Title 42 U.S.C. § 1983, A prisoner's
complaint for violation fo civil rights. AND ANY OTHER RELIEF THIS COURT
DEEMS JUST.

(Docket No. 16, p. 5). In the amendment to the original complaint, Kanneh specifies that he "is

seeking Three Million Dollars, in Damages[.]" (Docket No. 16, p. 7).

Upon review of the first amended complaint, it is apparent that Plaintiff's intent is to sue

Burleigh County. The caption shall be amended accordingly and the complaint shall be amended

by this order. Further, at this point, the undersigned is not prepared to conclude that no claim for

relief has been stated.  Accordingly, it is hereby **ORDERED** that the Clerk's Office file the complaint, effectuate service of the summons and complaint along with a copy of this order upon Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure, and, if necessary, that service be made by the United States Marshals Service.

Dated this 29th day of October, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court