# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Alahaji Mohamed Musa Kanneh, | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Burleigh County, | ) |
| | ) Case No. 1:13-cv-067 |
| Defendant. | ) |

Before the court is "Defendant Burleigh County's Motion to Dismiss" filed February 20, 2014. Defendant argues that this action should be dismissed because plaintiff failed to exhaust his administrative remedies and that plaintiff's mental anguish claims should be dismissed because plaintiff failed to show physical injury. Judge Hovland has referred this matter to the undersigned for review. For the reasons set forth below, it is recommended that the motion be denied.

## I.    BACKGROUND

At the time this action commenced, plaintiff Alahaji Mohamed Musa Kanneh ("Kanneh") was a pretrial detainee at the Burleigh County Detention Center ("BCDC") in Bismarck, North Dakota. He has since entered a guilty plea and was sentenced to a term of imprisonment of time served in the federal criminal case.

In his amended complaint,[1] he alleges:

>   I was in Burleigh County Detention Center in Bismarck, North Dakota in
> April 2012. When I got booked in I told Burleigh County Jail Staff that I do not eat pork

---

[1] After submitting the original complaint, Kanneh filed a document the court construed as a motion to amend the complaint. See Docket No. 11. Kanneh's proposed amendment specified that he was seeking three million dollars in damages. Id. The court granted the motion to amend and ordered the amendment appended to the original complaint and the resulting document filed as the amended complaint. See Docket No. 15.

1

because of my religious beliefs and that I am Muslim. They continue to feed me pork over and over again over the course of the eleven months I was incarcerated. I continually wrote requests to be put on a no pork diet and also wrote grievance after grievance to try to alleviate this problem. There was no action taken in this matter. I also filed a complaint with the department of Health & Human Services (Appendix A) and The Department of Labor (Appendix B). I tried to talk to Lieutenant Greg but he refused to talk to me or respond to any of my requests or grievances. Day after day, week after week, month after month, they refused to make me a no pork meal. This matter had gotten out of hand do to the fact I had been constantly feed pork and no response had been given to my requests for a no pork diet and I ended up being transferred to the detox area of the jail. Other inmates in the detox area got a hot meal for lunch and dinner and I got cold sack meal for both meals every day. Burleigh County Detention Center staff members had refused to give me copies of my grievances I had asked numerous Jail Officers for copies of these grievances. They told me they do not have access to my grievances and that Lieutenant Greg is the only one who has access to my grievances. I have had written kites to Lieutenant Greg requesting copies of my grievances which Lieutenant Greg has refused to respond to. After not getting any response to my requests or grievances I wrote one final grievance in duplicate (See Appendix C) had eyewitnesses sign it and kept my copy and still received no response.

(Docket No. 16, pp. 3-4) (errors in original).

In his request for relief, he states:

> Defendants through Deliberate Indifference to Plaintiff's religious beliefs did violate Plaintiff's Eighth and Fourteenth amendment rights and caused undue mental anguish to the Plaintiff for which the Plaintiff will seek punitive damages and Plaintiff also will seek the full amount allowed by North Dakota State Law and United States Law, this amount to be determined by a North Dakota Court for the recovery of punitive and compensatory damages. And United States District Court for Violation of plaintiff's civil and constitutional right under a Title 42 U.S.C. § 1983, A prisoner's complaint for violation of civil rights. AND ANY OTHER RELIEF THIS COURT DEEMS JUST.

(Docket No. 16, p. 5) (errors in original).

## II. DISCUSSION

### A. Exhaustion of administrative remedies

Defendant argues that "[a]s a threshold and jurisdictional matter . . . the Court is without jurisdiction to address the merits of this lawsuit given the requirements of 42 U.S.C. § 1997e of the

Prison Litigation Reform Act, which requires a prisoner seeking legal redress with respect to prison conditions first exhaust administrative remedies prior to bringing any legal action in the courts, which plaintiff has wholly failed to do." (Docket No. 26, p. 2). Defendant has submitted the affidavit of Captain Lisa Wicks, a BCDC employee, in support of its motion. (Docket No. 27). Kanneh argues that the motion should be denied because he submitted several grievances but was unable to exhaust the BCDC's grievance procedure because BCDC staff failed to respond to his grievances.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative remedies an inmate must comply with are established by the correctional facility's grievance procedures. Jones v. Bock, 549 U.S. 199, 218 (2007). An administrative remedy is not "available" when prison officials prevent an inmate from utilizing the procedure, Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001), or fail to respond to grievances or otherwise comply with grievance procedures. Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001).

An inmate's failure to comply with the § 1997e(a) exhaustion requirement does not deprive the court of federal subject matter jurisdiction. Lenz v. Wade, 490 F.3d 991, 992 n.2 (8th Cir. 2007) (citing Jones, 549 U.S. at 211-17); Chelette v. Harris, 229 F.3d 684, 687-88 (8th Cir. 2000). Failure to exhaust is an affirmative defense that the defendant must plead and prove. Jones, 549 U.S. at 211-17; Foulk, 262 F.3d at 697. "[I]t is the burden of the defendant . . . to show that a plaintiff prisoner failed to exhaust all available administrative remedies under the PLRA[.]" Lyon v. Vande Krol, 305

3

F.3d 806, 809 (8th Cir. 2002).

Because defendant has submitted an affidavit supporting its argument that Kanneh failed to exhaust his administrative remedies, the court will treat the motion to dismiss for failure to exhaust as a motion for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to demonstrate that there are no genuine issues of material fact, and the evidence and the inferences which reasonably may be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Young v. Builders Steel Co., 754 F.3d 573, 577 (8th Cir. 2014). A plaintiff's verified complaint is the equivalent of an affidavit for summary judgment purposes. Roberson v. Hayti Police Dep't, 241 F.3d 992, 994-95 (8th Cir. 2001) (citing Watson v. Jones, 980 F.2d 1165, 1166 (8th Cir. 1992)). "Although a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive a summary judgment motion." Roberson, 241 F.3d at 995 (citing Williams v. Adams, 935 F.2d 960, 961 (8th Cir. 1991)).

The parties agree that the BCDC had a grievance procedure in place while Kanneh was detained there and that Kanneh failed to exhaust that procedure.[2] (Docket Nos. 26, pp. 2-3; 33, ¶¶ 4, 6). However, they disagree as to whether the BCDC's grievance procedure was an "available" remedy that Kanneh was required to exhaust. Kanneh asserts that he was unable to exhaust the

---

[2] The BCDC grievance procedure published in the BCDC inmate handbook is attached to Captain Wicks' affidavit at Docket No. 27-1. It includes a process for submitting written grievances and for appeal.

grievance procedure because BCDC staff failed to respond to his grievances. Defendant asserts that Kanneh did not submit any grievances to BCDC staff.

Defendant relies on Captain Wicks' affidavit to support its argument that BCDC's grievance procedure was an available administrative remedy. The affidavit provides that Captain Wicks worked at the BCDC while Kanneh was there and that the BCDC had a formal grievance procedure in place at that time. (Docket No. 27, ¶¶ 4-6). It further provides that Kanneh failed to submit any grievance forms to BCDC staff, or at least that Captain Wicks "understood" that he failed to do so. (Docket No. 27, ¶ 7). Specifically, it provides:

> I understand Mr. Kanneh allegedly filled out a formal Grievance . . . in which he complained of being fed pork contrary to his religious dietary restrictions, but he never submitted this formal Grievance to Detention Center staff. Therefore, no Appeal would have been possible. Mr. Kanneh failed to exhaust his remedies regarding any alleged violations of his religious, statutory, or constitutional rights as he never allowed the Burleigh County Sheriff's Department the opportunity to investigate and address any such complaints.

(Id.). Based on defendant's assertion that Kanneh did not submit any grievances, it is presumed that defendant does not dispute that BCDC staff did not provide Kanneh any written responses to his complaints regarding the failure to accommodate his religious dietary restrictions.

Kanneh's signed, dated, and notarized complaint–which must be treated as an affidavit for purposes of this motion– includes allegations that are directly contrary to Captain Wicks' statement that Kanneh failed to submit any grievances to BCDC staff. Although the complaint does not explicitly state that Kanneh submitted multiple grievances to BCDC staff, it is reasonable to assume that is what is alleged based on Kanneh's statements (1) that he wrote multiple grievances to which he received no response, (2) that he requested copies of his grievances, and (3) that he kept a copy of his final grievance. The copy of the "Grievance Report Form" attached to Kanneh's amended

5

complaint also suggests that he submitted grievances to BCDC staff. It provides:

> Today I'm writing this Grievance once again requesting to get copys of my grievances. This grievance is about me getting discriminate against because of religious purposes. Because when I got incarcerated at Burleigh County Detention Center which were 4-30-2012, I told Burleigh County Detention Center Staff member when I got booked in, stating I do not eat pork because of religious proposes. But that matter never got resolve because Burleigh continue to feed me pork which I told and wrote grievance after grievances do to the fact that I do not eat porked. Nothing were done to solve the matter. Also, I wrote grievance requesting a copys of the grievances I wrote so I can keep a record. My rights as a inmate to get copys of all my grievances has been violated. I have asked numerous staff member requesting for copys of my grievances. Most of them has told me that they don't have access to any grievances inmate and that Lt. Greg has access to all grievances. Which I wrote numerous kites to Lt. Greg requesting copys of my grievances. Lt. Greg has refuse to respond to my kites or gave me copies of my grievances.

(Docket No. 16-3)(errors in original).

Under the applicable summary judgment standards, the conflicting statements regarding whether Kanneh submitted grievances to BCDC staff create an issue of material fact as to whether the BCDC grievance procedure was unavailable to Kanneh because BCDC staff failed to respond to his grievances. See, e.g., Conner v. Doe, 285 F. App'x 304 (8th Cir. 2008) (reversing dismissal for failure to exhaust because defendant's evidence, which included the county jail's grievance policy and grievance officer's declaration that there was no record of inmate submitting grievances, was insufficient to establish failure to exhaust in face of inmate's assertion in verified complaint that he had filed relevant grievances but did not receive copies or responses); Nixon v. Sanders, 243 F. App'x 197, 199 & n.1 (8th Cir. 2007) (reversing dismissal for failure to exhaust because inmate's submissions, which included letters, inmate requests forms, and a sworn statement, raised a factual dispute as to whether inmate was denied necessary grievance forms); Doffee/Maxwell v. Arkansas Dep't of Correction, 5:08CV00015, 2008 WL 4079246 (E.D. Ark. Aug. 26, 2008) (denying motion to dismiss for failure to exhaust because plaintiff raised fact issue by asserting in verified complaint

that he was not allowed to exhaust remedies and emphasizing that position in his response). Accordingly, the court will recommend that defendant's motion to dismiss for failure to exhaust be denied.

### B. Failure to allege physical injury

Defendant argues that "Plaintiff's claim for damages for 'undue mental anguish,' upon which he seeks punitive and compensatory damages, is the equivalent of a claimed 'mental or emotional injury' under Section 1997e(e)" and that "plaintiff has failed to make the required 'prior showing of physical injury or commission of a sexual act' to support his undue mental injury claim, and on the basis of this failure, the mental injury claim must be dismissed." (Docket No. 26, p. 4). In defendant's reply, defendant argues that Kanneh conceded this argument was meritorious because Kanneh failed to address his alleged failure to show physical injury in his response.

Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]" 42 U.S.C. § 1997e. In Royal v. Kautzky, the Eighth Circuit joined the majority of courts that had considered the issue in concluding that § 1997e(e) applies to all federal prisoner lawsuits, including claims for First Amendment violations. 375 F.3d 720, 723 (8th Cir. 2004). Section 1997e(e) "is merely a limitation on damages," not an element of a § 1983 suit. Kahle v. Leonard, 563 F.3d 736, 742 (8th Cir. 2009) (quoting Munn v. Toney, 433 F.3d 1087, 1089 (8th Cir. 2006)). An inmate who fails to make a sufficient showing of physical injury or commission of a sexual act cannot collect compensatory damages for mental or emotional injury. See Kahle, 563 F.3d at 741; Royal, 375 F.3d at 723. However, other forms of relief, including nominal damages, punitive damages, injunctive

7

relief, and declaratory judgment may be available. Royal, 375 F.3d at 723; Munn, 433 F.3d at 1089.

Defendant is likely correct that Kanneh's amended complaint does not include sufficient allegations to show physical injury and that Kanneh failed to address the alleged deficiency in his response to the motion to dismiss. As a result, Kanneh may likely be barred from collecting compensatory damages if this case proceeds to that phase. However, Kanneh's claim for relief is not limited to compensatory damages. He also requests punitive damages and "any other relief this court deems just," which arguably includes a nominal damages claim. In any event, while Kanneh will likely be barred from collecting compensatory damages for "undue mental anguish," his alleged failure to show physical injury does not provide a basis for dismissal of his underlying claims for violation of constitutional rights at this stage. See Lindsey v. Reed, No. 13-6031, 2014 WL 462549 (W.D. Ark. Feb. 5, 2014) (denying defendant's motion to dismiss based on inmate plaintiff's failure to allege physical injury when only physical injury claimed was "physical stress" and plaintiff also requested injunctive relief and "any other relief deemed necessary" and stating "Plaintiff's claims . . . should continue and the issue of any physical injury may be considered with regards to damages if this matter reaches that stage"). Accordingly, the court will recommend that defendant's motion to dismiss based on Kanneh's failure to show physical injury be denied.

### III.    ALTERNATIVE BASIS FOR DISMISSAL

The mailing address the court has for sending Kanneh filings in this case is that of the Heart of America Correctional and Treatment Center in Rugby, North Dakota–the facility where Kanneh was being held pending final disposition of his federal criminal case. As noted above, Kanneh was sentenced to a term of imprisonment of time served. See Case No. 1:12-cr-062 (D.N.D.). As a result, Kanneh is presumably no longer residing at Heart of America, and the court anticipates that

any mail sent to Kanneh at that address will be returned as undeliverable.

Accordingly, if the copy of the Report and Recommendation mailed to Kanneh at Heart of America is returned as undeliverable and Kanneh has not provided the court with updated contact information by the time the mailing is returned, the undersigned recommends that this action be dismissed without prejudice.

### IV. RECOMMENDATION

Based on the foregoing, it is hereby **RECOMMENDED** that defendant's Motion to Dismiss (Docket No. 25) be **DENIED**.

Alternatively, if the copy of this Report and Recommendation mailed to Kanneh is returned to the court as undeliverable and Kanneh has not provided the court with updated contact information by that time, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** and that defendant's Motion to Dismiss (Docket No. 25) be **DEEMED MOOT**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 28th day of October, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court